*The opinion of the Court was delivered by
Gadsden, for the motion. Huger, contra.
Cheyes, J.
The testimony on the part of the plaintiff was perfect, and entitled him to a verdict, unless the defendant made out a defence by sufficient proof. The testimony adduced by the- defendant, was without precision, and remote in its application to the points of the defence. It consisted almost altogether of the circumstance, that the payee was poor, or rather in embarrassed circumstances. It was calculated to raise doubts in the mind; but by no means to establish belief. If the verdict of the jury had been for the defendant, I incline to think, it could not have been sustained. As it was for the plaintiff, of course, I can have no disposition to disturb it, on this ground.
It has been long the established practice of this Court, not to grant new trials, on the ground, that parol evidence has been discovered since the trial.[1] All the reasons which led to this practice, apply with little or no diminution to the discovery of evidence before the trial was closed. Indeed it ought to be considered as the same ground; for were the Court, under any circumstances, to allow the benefit of testimony, thus discovered, it could only be on a motion for a new trial. The inconvenience to the Court, of a practice which should bring the question before the circuit judge, would be enough to interdict it. But besides, it would frequently be a surprise on the opposite party, which would be highly unjust. He probably would regulate his testimony by that of his opponent. He would dismiss his witnesses, when the testimony was closed in the usual manner; and if allowed to reply, would be unable, by reason of their absence. If allowed to reply, and he should be prepared, it would open the cause again fully, as to him, to adduce any testimony in his power. The irregularity and confusion in the trial, and the danger of frequent perjury, under such a practice, would be found intolerable.
On both grounds, we think the motion ought to be refused.
*Colcook, Nott and Johnson, JJ., concurred.

 See 2 vol. 452, and note.